IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00874-BNB

ALBERT PETER GRENIER,

    Plaintiff,

v.

CLERK OF THE COURT (Respondent),
THE PEOPLE OF THE STATE OF COLORADO,
JOHN W. SUTHERS,
ROBERT H. RUSSELL (Trial Judge),
BOB CHAPPELL (Prosecutor), and
WILL HOOD (District Attorney),

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 0 2010

GREGORY C. LANGHAM
               CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Albert Peter Grenier, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. He filed *pro se* an amended complaint pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe liberally the amended complaint because Mr. Grenier is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Grenier will be ordered to file a second amended complaint.

Mr. Grenier alleges that he was charged and convicted of first-degree murder,

that evidence was withheld that could have acquitted him of the charges, and that his conviction was affirmed on appeal. He asserts three claims that the trial court (1) denied him the opportunity to present a defense and cross-examine witnesses at trial, (2) denied his request for an instruction on his right to use deadly force as self-defense against an intruder, and (3) failed to suppress his involuntary custodial statement. He fails to make clear the reason or reasons he is suing the named defendants. As relief, he asks this Court to reverse the judgment of conviction and vacate his life sentence. *See* complaint at 3. He also asks for a public defender to represent him. *See id.* at 8.

The claims Mr. Grenier asserts and the relief he seeks are inappropriate in a civil rights action. Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Mr. Grenier is not challenging the conditions of his prison confinement. To the extent he is challenging the validity of his conviction, he must do so in a separate habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

According to this Court's docketing records, Mr. Grenier already has filed a habeas corpus action concerning his state court conviction. *See Grenier v. Hartley*, No. 09-cv-02553-ZLW (D. Colo. Dec. 16, 2009), *appeal dismissed*, No. 10-1093 (10th Cir. Apr. 26, 2010). The application was denied and the action dismissed as procedurally barred. The appeal was dismissed for failure to prosecute. "[T]he court is

permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

Because Mr. Grenier fails to assert claims appropriate in a civil rights action, his amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Grenier to state a claim in federal court, his "complaint must

explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Grenier must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Grenier must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Grenier may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Grenier uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Grenier, therefore, will be directed to file a second amended complaint that asserts claims and seeks relief appropriate in a civil rights action, and state specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Albert Peter Grenier, file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Grenier, together with a copy of this order, two copies of the following form to be used in filing the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Grenier fails within the time allowed to file a second amended complaint as directed in this order, the amended complaint and the action will be dismissed without further notice.

DATED June 10, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00874-BNB

Albert Peter Grenier
Prisoner No. 107040
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  6/10/10

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk