IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00874-BNB

ALBERT PETER GRENIER,

    Plaintiff,

v.

CLERK OF THE COURT (Respondent),
THE PEOPLE OF THE STATE OF COLORADO, and
ARAPAHOE COUNTY DISTRICT COURT,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 3 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Albert Peter Grenier, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. He filed *pro se* an amended complaint pursuant to 42 U.S.C. § 1983 challenging the validity of his state court conviction on charges of first-degree premeditated murder and abuse of a corpse in case number 98CR1850 in the District Court of Arapahoe County, Colorado. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On June 10, 2010, Magistrate Judge Boyd N. Boland entered an order in which he noted that the claims Mr. Grenier asserted and the relief he sought were inappropriate in a civil rights action because Mr. Grenier was not challenging the conditions of his confinement. Magistrate Judge Boland explained that Plaintiff's claims challenging the validity of his state court conviction were appropriate in a separate

habeas corpus action. Magistrate Judge Boland noted that Mr. Grenier already had initiated a habeas corpus action concerning his state court conviction and that the application was denied and the action dismissed as procedurally barred. *See Grenier v. Hartley*, No. 09-cv-02553-ZLW (D. Colo. Dec. 16, 2009), *appeal dismissed*, No. 10-1093 (10th Cir. Apr. 26, 2010). The appeal was dismissed for failure to prosecute. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

In the June 10 order, Magistrate Judge Boland explained that because Mr. Grenier failed to assert claims appropriate in a civil rights action, his amended complaint failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland allowed Mr. Grenier thirty days to file a second amended complaint that asserted claims and sought relief appropriate in a civil rights action and that stated specific facts demonstrating how each named Defendant personally participated in the asserted constitutional violations. The order warned Mr. Grenier that if he failed within the time allowed to file a second amended complaint as directed, the amended complaint and the action would be dismissed without further notice.

On June 25, 2010, Mr. Grenier submitted a second amended § 1983 complaint. The Court must construe liberally the second amended complaint because Mr. Grenier is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the second amended complaint will be dismissed.

In the second amended complaint, Mr. Grenier asserts three claims that again challenge the validity of his conviction in Arapahoe County District Court case number 98CR1850 and seek habeas corpus relief, i.e., to have his life sentence overturned. Therefore, the claims Mr. Grenier asserts and the relief he seeks in the second amended complaint are inappropriate in a civil rights action, and he has failed to comply with the order for a second amended complaint that complies with Fed. R. Civ. P. 8.

The amended complaint will be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for Mr. Grenier's failure to comply this Court's order for an amended complaint that complies with Fed. R. Civ. P. 8. Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the text of Rule 41(b) requires a defendant's motion to dismiss, "the Rule has long been interpreted to permit courts [as here] to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Accordingly, it is

ORDERED that the second amended complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the

failure of Plaintiff, Albert P. Grenier, to comply with the order of June 10, 2010, directing him to file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this ___22nd___ day of ___July___, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00874-BNB

Albert Peter Grenier
Prisoner No. 107040
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/28/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk